# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
v. ) **ID No. 0305000877**
)
EDWARD M. LEWIS, ) **Cr. A. Nos. IK03-05-0553, etc.**
Defendant. )

Submitted: May 23, 2018
Decided: August 28, 2018

## ORDER

*Upon Defendant Edward M. Lewis's Request for a Certificate of Eligibility to File Under 11 Del. C. § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d),*
**DENIED.**

This 28th day of August, 2018, upon consideration of the Defendant Edward M. Lewis's Request for a Certificate of Eligibility (D.I. 64), the Attorney General's response thereto (D.I. 66), the parties' supplemental submission and exhibits, and the record in this matter, it appears to the Court that:

(1)     On March 30, 2004, a Superior Court Jury convicted Edward M. Lewis of Possession of a Deadly Weapon During the Commission of a Felony (PDWDCF), Aggravated Menacing, Assault in the Third Degree, Disorderly Conduct, Reckless Endangering in the Second Degree, and Endangering the Welfare of a Child.[1]  His

---

[1]     DEL. CODE ANN. tit. 11, § 1447 (2002) (PDWDCF); *id.* at § 602(b) (aggravated menacing); *id.* at § 611 (assault third degree); *id.* at tit. 11, § 1301 (disorderly conduct); *id.* at § 603 (reckless endangering second degree); and *id.* at § 1102 (endangering the welfare of a child).

sentencing occurred a few months later, on June 27, 2004, after a pre-sentence investigative report was prepared and the State filed a habitual criminal petition.[2] Lewis was sentenced to the minimum required for the triggering PDWDCF conviction (IK03-05-0553) for which the State sought habitual criminal sentencing under the then-extant Habitual Criminal Act: 20 years at Level V.[3] For all of the other counts, he received an additional aggregate of four years and 30 days imprisonment that was suspended in whole for probation.[4] Lewis's sentencing order notes that his habitual criminal sentence was effective on January 9, 2004.[5]

(2)     Lewis has requested a certificate of eligibility to file a petition seeking exercise of the Court's jurisdiction to modify his sentence under

---

[2]     DEL. CODE ANN. tit. 11, § 4214(a) (2002) (providing that a person who had been thrice previously convicted of a felony and was thereafter convicted of another felony could be declared a habitual criminal; the Court could then, in its discretion, impose a sentence of up to life imprisonment for that or any subsequent felony).

[3]     *Id.* (any person sentenced under then-existing § 4214(a) had to receive a minimum sentence of not less than the statutory maximum penalty otherwise provided for any fourth or subsequent Title 11 violent felony that formed the basis of the State's habitual criminal petition); DEL. CODE ANN. tit. 11, §§ 1447, 4201(c) and 4205(b)(2) (2002) (PDWDCF was, when Lewis committed his crimes, a class B violent felony with a statutory maximum of twenty years imprisonment).

[4]     Sentencing Order, *State v. Edward M. Lewis*, ID No. 0305000877 (Del. Super. Ct. July 27, 2004). Before he was sentenced, the Court had granted Lewis motion for judgment of acquittal on the child endangering count. D.I. 22.

[5]     *Id.*

11 *Del. C.* § 4214(f).[6] The Attorney General responded.[7] And the Court has since heard argument, conducted an evidentiary hearing,[8] and received supplemental documentary evidence[9] to determine the extent of Lewis's prior felony record and its effect on his present eligibility to seek § 4214(f) relief. The Court has carefully considered the parties' positions as to whether Lewis can be granted a certificate of eligibility under the unwonted factual and procedural circumstance presented. He cannot.

- **Under § 4214(f), an Inmate Must Meet Both the <u>Type-of-Sentence and Time-Served Requirements</u>.**

(3) It appears that Lewis does meet the type-of-sentence eligibility requirement set forth in 11 *Del. C.* § 4214(f).[10] But the Court finds that Lewis does not meet the time-served eligibility requirement set forth in 11 *Del. C.* § 4214(f).

---

[6] D.I. 39; Del. Super. Ct. Spec. R. 2017-1(c)(2), (3).

[7] D.I. 66; Del. Super. Ct. Spec. R. 2017-1(c)(5) (providing that the Attorney General shall file a written response to a request for certificate of eligibility).

[8] Del. Super. Ct. Spec. R. 2017-1(c)(6) (the Court is permitted to act on such a request "without presentation, hearing, or argument unless otherwise ordered by the court").

[9] *See* D.I. 68; D.I. 71; D.I. 72; D.I. 74; D.I. 78; and D.I. 81.

[10] DEL. CODE ANN. tit. 11, § 4214(f) (2018) (providing that an inmate must be serving a sentence imposed upon him as "an habitual criminal [that is] a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to 4214(a) of this title, or a life sentence pursuant to 4214(b) of this title prior to July 19, 2016"). *See Clark v. State,* 2018 WL 1956298, at *3 (Del. Apr. 24, 2018) ("a minimum sentence of not less than the statutory maximum penalty for a violent felony" means the inmate must have received *the* minimum sentence a judge was constrained to impose under the prior version of the Habitual Criminal Act, and so, where a sentencing judge exercised his or her discretion to impose greater than the minimum required

-3-

(5) Under § 4217(f), an inmate meets the time-served eligibility requirement when he "has served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by [the new provisions of 11 *Del. C.* § 4214] or the statutes describing said offense or offenses [for which the inmate was sentenced], whichever is greater."[11] Most often, that requires the Court to determine where in the new habitual criminal sentencing regime a potential § 4214(f) petitioner would fall. And, most often, that is done easily enough by reviewing the State's original habitual criminal petition and determining which new habitual criminal enhancement provision would be applicable to the inmate's sentence if he were to be sentenced today.[12] Occasionally, however, because statutory tiering under the revised Habitual Criminal Act is based on considerations such as whether a predicate felony conviction was for a Title 11 violent felony–something that was of no moment to the State when filing, nor the Court when granting a habitual criminal petition under the old law–the Court must, as it did here, conduct a more searching inquiry into the inmate's conviction history.

---

under pre-2016 § 4214(a), the inmate cannot seek modification under § 4217(f)); *Durham v. State*, 2018 WL 2069057, at * 1 (Del. May 2, 2018) (same); *State v. Williams*, 2018 WL 2938313, at *2 (Del. Super. Ct. June 8, 2018) (same).

[11]     DEL. CODE ANN. tit. 11, § 4214(f) (2018).

[12]     *See* Del. Super. Ct. Spec. R. 2017-1(c)(6) (the Court can determine § 4214(f) eligibility on the papers alone).

(6)     To do so in this case, the Court had to conduct a hearing equivalent to that required under section 4215(b) of Title 11 "solely to determine the factual existence of prior convictions which will justify enhanced punishment" under the Habitual Criminal Act.[13]  And to do so, the Court has employed the standards for, and made its findings consistent with, those required to determine habitual criminality in the first instance.[14]

(7)     The Court finds that prior to the triggering PDWDCF conviction (IK03-05-0553) for which the State sought (and still seeks) habitual criminal sentencing, Lewis had accrued at least the following felony convictions that would be used to derive his habitual criminal status:  Burglary in the Second Degree (IK79-01-0037); Conspiracy in the Second Degree (PK94-06-0168); Possession of a Deadly Weapon by a Person Prohibited (PK94-01-0180); and Carrying a Concealed Deadly Weapon (IK96-05-0298).  Lewis's prior conviction for Burglary in the Second Degree (IK79-

---

[13]     *Key v. State*, 463 A.2d 633, 639 (Del. 1983).

[14]     *See, e.g., id.* ("[i]t is now axiomatic that habitual criminality is a status, not a criminal offense"; and so, a § 4215(b) hearing is a mere evidentiary hearing as opposed to a full trial). *See also Bailey v. State*, 450 A.2d 400, 404 (Del. 1982) (habitual criminal sentencing and proceedings statutes contemplate a separate hearing conducted prior to sentencing to determine a defendant's status as a habitual criminal); *Morales v. State*, 696 A.2d 390, 395 (Del. 1997) (at that hearing a prior conviction must be shown beyond a reasonable doubt to be a specific felony and/or felony type for purposes of 11 *Del. C.* § 4214); *Buckingham v. State*, 482 A.2d 327, 330-31 (Del. 1984) (and prior convictions must be "separate convictions . . . each successive to the other, with some chance for rehabilitation after each sentencing"); *Eaddy v. State,* 1996 WL 313499, * 2 (Del. May 30, 1996) (but "'some chance for rehabilitation' means only that some period of time must have elapsed between sentencing on an earlier conviction and the commission of the offense resulting in the later felony conviction").

01-0037) and the triggering PDWDCF conviction (IK03-05-0553) were each for a "Title 11 violent felony."[15]

(8) Under current 11 *Del. C.* § 4214(c), Lewis, who has thrice before been convicted of felonies–one of which was a Title 11 violent felony–must receive a minimum sentence of not less than the statutory maximum penalty otherwise provided for the triggering PDWDCF conviction (IK03-05-0553) that is the Title 11 violent felony that formed the basis of the State's habitual criminal petition.[16] Lewis must, therefore, serve a minimum of 20 years before he could be eligible for § 4214(f) consideration.[17] He has not yet.[18]

---

[15] DEL. CODE ANN. tit. 11, § 4201(c) (2018) ("The following felonies shall be designated as violent felonies . . . Title 11, Section . . . 825 Burglary in the Second Degree . . . 1447 Possessing a Deadly Weapon During the Commission of a Felony . . .").

[16] DEL. CODE ANN. tit. 11, § 1447 & 4205(b)(2) (2002) (minimum mandatory sentence for PDWDCF at the time of Lewis's crimes was two years at Level V; maximum sentence for PDWDCF was then 20 years at Level V).

[17] That 20-year term may be subject to certain diminution under sections 4205(h), 4381 and 4382 of Title 11. DEL. CODE ANN. tit. 11, § 4205(h) (2018) (Department of Correction may, in its sole discretion, house Level V inmates in certain Level IV facilities during the last 180 days of the inmates' sentences); *id.* at § 4381 (Earned good time); and *id.* at § 4382 (Forfeiture of good time).

[18] As noted above, Lewis' 20-year term began to run on January 9, 2004.

**NOW, THEREFORE, IT IS ORDERED** that Defendant Edward M. Lewis's Request for a Certificate of Eligibility is **DENIED**; he may not file a petition seeking exercise of this Court's jurisdiction to modify his sentence under 11 *Del. C.* § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d).

_____
Paul R. Wallace, Judge

Original to Prothonotary – Kent County

cc:    Brett A. Hession, Esquire
       Stephen R. Welch, Jr., Chief Prosecutor, Kent Co.
       Gregory E. Smith, Deputy Attorney General